UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) ) Case No. 10 C 8078 |
| ANTHONY CANTY, | ) ) Judge John W. Darrah |
| Respondent. | ) ) ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Anthony Canty was sentenced to 360 months' imprisonment following a jury trial in which he was found guilty for drug and firearm offenses. Before the Court is Canty's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

### **BACKGROUND**

On January 11, 2004, Chicago Police Department officers responded to a report of drug dealing on the first floor of an apartment building in Chicago. Upon arrival, the officers observed Canty in the hallway, who appeared to be covering up something in the front of his pants. One of the officers patted him down and felt what he believed to be a handgun. Canty then ran into his apartment and locked the door. The officers broke down Canty's door and entered his apartment, where they saw Canty attempting to place three handguns into the speaker of a large-screen television set. The officers arrested Canty and searched the rest of the apartment. The search turned up a shoe box, containing crack cocaine, a heroin and cocaine mixture, marijuana, and $1,806 in cash.

The officers also seized a computer printer/copier/scanner with a $100 bill and $50 bill taped to the scanner screen and photocopies of the bills in the printer tray.

Shortly after Canty's arrest, he was interviewed by the arresting officers and a United States Secret Service agent. Canty admitted the following: the handguns and drugs in the apartment were his and that he was a drug dealer not a user. Canty also admitted the same in his testimony before a grand jury.

On June 1, 2004, a federal grand jury returned a six-count indictment, charging Canty with: (a) three counts of knowingly possessing with intent to distribute controlled substances, namely, mixtures or substances containing cocaine base, heroin and, marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Three); (b) knowingly possessing firearms in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count Four); (c) being a felon in possession of firearms, namely, three handguns, in violation of 18 U.S.C. § 922(g) (Count Five); and (d) counterfeiting United States currency, in violation of 18 U.S.C. § 471 (Count Six).

On February 10, 2005, following a three-day trial, a jury convicted Canty of all six counts charged in the indictment. On January 19, 2006, Canty was sentenced to 360 months' imprisonment, to be followed by a total of five years' supervised release. Following the sentencing hearing, Canty appealed his conviction regarding the counterfeiting charge in Count Six of the indictment only. On September 19, 2007, the Seventh Circuit reversed Canty's sentence on Count Six and remanded the matter to this Court for retrial on that count. *United States v. Canty*, 499 F.3d 729 (7th Cir. 2007). On April 15, 2008, on the Government's motion, Count Six was dismissed.

Canty was resentenced on March 25, 2009. (Dkt. No. 246, 3/25/09 Tr.) In connection with Canty's original sentencing, the Probation Office issued a Presentence Investigation Report ("PSR"). In connection with Canty's resentencing, the Probation Office issued an updated presentence report ("UPSR"). *Id.* On March 19, 2009, the Probation Office issued an "Addendum to the Presentence Report," addressing Canty's objections to the UPSR.

According to the PSR, Canty had the following seven felony convictions before his arrest in January 2004: (i) a 1980 conviction for aggravated battery and unlawful restraint; (ii) a 1982 conviction for felony possession of cannabis; (iii) a 1992 conviction for distribution of a controlled substance; (iv) a 1992 conviction for possession with intent to distribute a controlled substance; (v) a 1996 conviction for a controlled-substance offense in the second degree; (vi) a second 1996 conviction for a controlled-substance offense in the second degree; and (vii) a 1996 conviction for defeating security on personalty.[1] *Id.* (PSR lines 269-388.)

Based on Canty's criminal history, Canty qualified as a Career Offender under United States Sentencing Guidelines ("Guidelines" or "USSG") § 4B1.1 and an Armed Career Criminal under 18 U.S.C. § 924(e) and Guideline § 4B1.4. (PSR lines 220-49.) The Career Offender provision states:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

---

[1] A Minnesota offense of defrauding a secured creditor.

U.S.S.G. § 4B1.1. Canty was a Career Offender because at the time Canty committed the felony controlled-substance offenses, he was at least eighteen and, as set forth above, had at least two prior felony controlled-substance convictions. (PSR lines 220-26, 269-388.)

The Armed Career Criminal provision under 18 U.S.C. § 924(e)(1) provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Canty was an Armed Career Criminal because: (a) one of the counts of conviction was a violation of 18 U.S.C. § 922(g); and, as set forth above, (b) Canty had at least three prior convictions for a violent felony or serious drug offense, such as: (i) the 1980 conviction for aggravated battery; (ii) the 1992 distribution of a controlled substance conviction; and (iii) the two 1996 controlled-substance offenses. (PSR lines 232-38, 267-85, 295-305, 335-47, 371-88.)

Due to Canty's Career Offender status (as well as 13 criminal history points), Canty's criminal history category was VI. (PSR lines 263-406.) The Guideline range for either Canty's Career Offender or Armed Career Criminal status is the same: 360 months' to life imprisonment. (PSR lines 247-49.) Following the issuance of the UPSR, Canty filed a sentencing memorandum, and a supplemental sentencing memorandum in which, among other things, he objected to the determination that he was an Armed Career Criminal on the grounds that: (a) the government should have been required to prove the underlying offenses beyond a reasonable doubt; and (b) his

4

underlying convictions did not properly qualify him for the enhanced status. On March 25, 2009, at the resentencing hearing, Canty's counsel was asked if Canty still objected to the determination that he was an Armed Career Criminal or Career Offender. Defense counsel stated that Canty was no longer objecting.

Canty was sentenced at the low end of the Guideline range to a term of 360 months' imprisonment. Canty appealed this sentence, arguing that this Court failed to correctly calculate his advisory guidelines sentence and to give meaningful consideration to the 18 U.S.C. § 3553(a) sentencing factors. The Seventh Circuit affirmed Canty's sentence on February 5, 2010. *United States v. Canty*, No. 09-1838, 2010 WL 395931, at *1 (7th Cir. Feb. 5, 2010).

On December 20, 2010, Canty filed the instant Motion, challenging his sentence based on his claims that: (a) this Court did not have subject-matter jurisdiction; (b) his Due Process rights were violated; (c) the *Ex Post Facto* clause of the United States Constitution was violated; (d) this Court abused its discretion; (e) he is actually and factually innocent; (f) his counsel provided him with ineffective assistance; and (g) this Court should recalculate his offense level because of the newly implemented 18:1 crack cocaine-to-powder-cocaine ratio. (Dkt. No. 1.)

## LEGAL STANDARD

Section 2255 reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

5

28 U.S.C. § 2255. The relief described in this section is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). *Habeas corpus* relief pursuant to § 2255 is only for "extraordinary situations," and the motion is not to be used as a substitute for an appeal. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 2006) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)).

A claim that could have been raised on appeal is procedurally defaulted if not raised in the appeal. *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). The failure to raise an ineffective-assistance-of-counsel claim on appeal, however, does not constitute a waiver of a claim by a defendant under § 2255. *Massaro v. United States*, 538 U.S. 500, 504, (2003). A district court must review the record and draw all reasonable inferences in favor of the government when reviewing a § 2255 motion. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). Finally, a § 2255 Petitioner is entitled to an evidentiary hearing only where the Petitioner "alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (quoting *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)).

## ANALYSIS

*Subject-matter Jurisdiction*

Canty argues that this Court did not have subject-matter jurisdiction over the charges in the "superseding indictment."[2] (Br. at 1.) Specifically, Canty argues that the government secured subject-matter jurisdiction by improperly relying on four of Canty's prior felonies and failed to establish that his violation of 18 U.S.C. § 922(g)(1) affected interstate commerce.

Canty's arguments fail to establish the Court lacked subject-matter jurisdiction over the charges against Canty. In criminal cases, subject-matter jurisdiction is derived from 18 U.S.C. § 3231, which provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Krilich*, 209 F.3d 968, 972 (7th Cir. 2000) (*Krilich*). As the Seventh Circuit held in *Krilich*: "The subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Id.* Thus, even if, during the prosecution, the government fails to establish a connection to interstate commerce, "the district court is not deprived of jurisdiction to hear the case." *Id.* Here, Canty was charged with and convicted of violations of the following federal criminal statutes: 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1)(A) and

---

[2] There was no superseding indictment in this matter. Canty presumably refers to the original indictment.

18 U.S.C. § 922(g)(1). Therefore, the Court had subject-matter jurisdiction over the charges against Canty.

*Due Process*

Canty next argues that his Due Process rights were violated because: (a) this Court did not allow a jury to determine whether he committed the offenses that resulted in the sentencing enhancement under 18 U.S.C. § 924(e) (Mot. at 2); (b) the Government did not prove that the firearms at issue traveled in interstate commerce *(id.* at 3-4); (c) certain underlying convictions did not carry a maximum sentence of ten years or more, resulting in Canty receiving an improper sentence *(id.* at 7); (d) the Government failed to prove beyond a reasonable doubt that one or more of the firearms at issue was a machine gun *(id.* at 10); and (e) Canty's conviction and sentence, pursuant to 18 U.S.C. § 922(g), were improper because his civil rights had been restored. *Id.* at 4-5, 8-10.

As mentioned above, Canty is barred from raising a Due Process claim because he did not raise the issue on direct appeal. It is well settled that "a failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issue in a section 2255 proceeding – absent a showing of good cause for and prejudice from the failure to appeal." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989); *see also Wright v. United States*, 139 F.3d 551, 552 (7th Cir. 1998). Canty argues he had good cause because he did not have knowledge of 18 U.S.C. § 921(a)(20) and 18 U.S.C. § 924(c)(1)(A), upon which he now bases his arguments. *Pro se* submissions must be construed liberally, and Canty's arguments are addressed.

8

As to Canty's first argument, it is well established that a judge rather than a jury may determine the fact and nature of prior convictions used to increase sentences. *U.S. v. Peters*, 462 F.3d 716, 718 (7th Cir. 2006) (holding that "*Booker* explicitly maintained the *Almendarez-Torres* rule permitting judges rather than juries to determine the fact and nature of prior convictions used to increase sentences."). Arguments similar to that made by Canty have been repeatedly rejected by the Court of Appeals. *See e.g., U.S. v. White*, 472 F.3d 458, 464 (7th Cir. 2006); *United States v. Owens*, 441 F.3d 486 (7th Cir. 2006); *United States v. Robinson*, 435 F.3d 699 (7th Cir. 2006); *United States v. LaShay*, 417 F.3d 715 (7th Cir. 2005); *United States v. Bryant*, 420 F.3d 652 (7th Cir. 2005).

Canty also challenges his conviction under 18 U.S.C. § 922(g)(1), which makes it unlawful for "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Canty argues that his Due Process rights were violated because the Government failed to prove that the three firearms he possessed traveled in interstate commerce. But this argument fails because Canty stipulated that the firearms traveled in interstate commerce before the date of his arrest.[3] (Trial Tr. at 150-51.) *See United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996) (noting that while

---

[3] Canty argues that he relied on counsel, who provided ineffective assistance, in signing this stipulation. Canty's ineffective-assistance-of-counsel claim is discussed below.

9

stipulations do not bind the court, "stipulations do bind the parties themselves. To hold anything else would be to reduce stipulations to mere inconsequential gestures."). Therefore, Canty was properly convicted and sentenced pursuant to 18 U.S.C. § 922(g).

Canty next challenges his classification as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1). At the outset, it is important to note that Canty was sentenced under the Career Criminal provision, pursuant to Guideline § 4B1.1(a), not as an Armed Career Criminal. As this Court stated at the sentencing hearing:

> Pursuant to the career offender provision set out in the Guidelines and pertinent statutory restrictions, the sentence shall be apportioned as follows: On Counts 1 and 2, Mr. Canty, you shall serve 120 months' custody. On Count 3 you shall serve 60 months' custody. The sentences on Counts 1, 2 and 3 shall all be served concurrent with one another.

(3/25/09 Tr. at 33:11-17.) Thus, as explained below, whether or not Canty qualifies as an Armed Career Criminal, Canty was properly sentenced pursuant to § 4B1.1(a). Furthermore, as set forth in the UPSR, Canty's Guideline range under § 4B1.1 or the Armed Career Criminal provision is the same: 360 months' to life imprisonment. Canty's arguments that he does not qualify as an Armed Career Criminal are immaterial but will be addressed nonetheless.

Canty qualifies as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) because he was convicted of violating 18 U.S.C. § 922(g)(1), and Canty had at least three prior convictions for a violent felony or serious drug offense, which were: (i) the 1980 conviction for aggravated battery; (ii) the 1992 conviction for distribution of cocaine

(Case No. 92-cr-5056)[4]; and (iii) the 1996 convictions for distribution of controlled substances, 2nd degree (Case Nos. K2-96-814 and K4-96-815).

Canty challenges the eligibility of his drug offenses, arguing that the maximum sentence for the offenses was not ten years. A "serious drug offense" is defined, in relevant part, as: an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Canty's 1992 conviction (Case No. 92-cr-5056) arose from a violation of 720 ILCS 570/401(c)(2), then Ill. Rv. St. ch. 56.5 '1401(c)(2). This is a Class 1 felony and carries a sentence range of four to **fifteen years**. (Dkt. No. 21 at 12 and Ex. 1 (citing 730 ILCS 5/5-8-1)). Canty's 1996 conviction (Case No. K4-96-815) arose out of violations of Minnesota's controlled-substance offense law. This is a second-degree felony and carries a maximum sentence of **forty years**. Therefore, Canty's arguments that these convictions cannot be used under the Armed Career provision because they do not carry a maximum sentence of ten years are without support. Furthermore, Canty's argument that the Government failed to prove beyond a reasonable doubt that one or more of the firearms at issue was a machine gun is also meritless. The indictment did not allege possession of a machine gun.

Canty further argues that his Due Process rights were violated because his civil rights had been restored with respect to the convictions that led to the § 922(g)(1)

---

[4] Canty also challenges the use of his conviction in Case No. 92-cr-5058. However, that conviction was not used as a qualifying conviction. Therefore, his argument is not addressed.

violation and Armed Career Criminal status. Specifically, Canty argues that his rights were restored with respect to the following: the 1980 aggravated battery conviction; the 1992 distribution of cocaine conviction; and the two 1996 controlled-substances-offense convictions.

As discussed above, to prove a violation of § 922(g)(1), the Government must prove Canty committed a "crime punishable by imprisonment for a term exceeding one year." This term is defined for the entire chapter in § 921(a)(20), which excludes certain prior convictions that would otherwise qualify, including "[a]ny conviction . . . for which a person . . . has had civil rights restored . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

Here, Canty's rights-restoration argument fails because Canty stipulated that prior to January 11, 2004, he has "been convicted of a crime punishable by imprisonment for a term exceeding one year." (Trial Tr. at 150.) *See United States v. Miller*, No. 08-cr-269, 2010 WL 4962808, at *4 (N.D. Ill. Dec. 1, 2010) (holding that defendant's stipulation that he had been convicted of a felony punishable by imprisonment for a term exceeding one year relieved the Government of its burden of establishing defendant was a convicted felon). Even if Canty had not stipulated to a prior felony conviction, as discussed above, Canty had seven prior felony convictions before he was arrested on January 11, 2004. Canty only argues that his rights were restored with respect to four offenses, as set forth above. That leaves his 1982 felony in possession of cannabis and his 1996 defeating security on personalty convictions. Under § 922(g)(1), the Government need only prove

violation and Armed Career Criminal status. Specifically, Canty argues that his rights were restored with respect to the following: the 1980 aggravated battery conviction; the 1992 distribution of cocaine conviction; and the two 1996 controlled-substances-offense convictions.

As discussed above, to prove a violation of § 922(g)(1), the Government must prove Canty committed a "crime punishable by imprisonment for a term exceeding one year." This term is defined for the entire chapter in § 921(a)(20), which excludes certain prior convictions that would otherwise qualify, including "[a]ny conviction . . . for which a person . . . has had civil rights restored . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

Here, Canty's rights-restoration argument fails because Canty stipulated that prior to January 11, 2004, he has "been convicted of a crime punishable by imprisonment for a term exceeding one year." (Trial Tr. at 150.) *See United States v. Miller*, No. 08-cr-269, 2010 WL 4962808, at *4 (N.D. Ill. Dec. 1, 2010) (holding that defendant's stipulation that he had been convicted of a felony punishable by imprisonment for a term exceeding one year relieved the Government of its burden of establishing defendant was a convicted felon). Even if Canty had not stipulated to a prior felony conviction, as discussed above, Canty had seven prior felony convictions before he was arrested on January 11, 2004. Canty only argues that his rights were restored with respect to four offenses, as set forth above. That leaves his 1982 felony in possession of cannabis and his 1996 defeating security on personalty convictions. Under § 922(g)(1), the Government need only prove

one felony conviction; either the 1982 or 1996 conviction qualifies. Therefore, Canty's conviction under § 922(g)(1) is proper.

Canty also argues that he should not have been classified as an Armed Career Criminal because his civil rights had been restored with regard to the underlying "violent felony" and "serious drug offenses[s]." A crime qualifies as a violent felony or serious drug offense under 18 U.S.C. § 924(e) if, among other things, the crime is "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20), discussed above, also applies to the Armed Career Criminal provision. *Buchmeier v. U.S.*, 581 F.3d 561, 563 (7th Cir. 2009) (*Buchmeier*). The relevant "civil rights" are the rights to vote, to hold office, and to serve on juries. *Id.* at 564 (quoting *United States v. Williams*, 128 F.3d 1128, 1143, (7th Cir. 1997). "If these are restored, then a conviction does not . . . support a § 924(e) enhancement 'unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.'" *Buchmeier*, 581 F.3d at 563.

It is Canty's burden to prove "by a preponderance of the evidence that a conviction cannot be used under § 924(e)." *United States v. Vitrano*, 405 F.3d 506, 509-10 (7th Cir. 2004) (holding that because defendant "cannot show by a preponderance of the evidence that he received a discharge certificate whose language might be read reasonably to restore all of his civil rights, such that he would be misled if not informed that firearms were prohibited, § 921(a)(20) is not implicated."). Canty has not met this burden.

With respect to the 1996 convictions, Canty submitted a "Notice of Sentence Expiration and Restoration of Civil Rights" from the Minnesota Department of

13

Corrections dated April 13, 2003. The letter states that Canty's civil rights have been restored, but in bolded writing, the letter expressly states: "if you have been convicted of a Crime of Violence under Minn. Statute 624.712, subd. 5, you are **not** entitled to ship, transport, possess or receive a firearm until ten (10) years have elapsed from the date of discharge." (Dkt. No. 28, Ex. 1 (emphasis added).) Minnesota Statute 624.712, Subd. 5, provides that a "Crime of Violence" includes felony controlled substance/drug convictions under chapter 152. Both of Canty's 1996 convictions were controlled-substance convictions under chapter 152. (Dkt. No. 21, Exs. 2, 3.)

Canty has submitted a "Discharge From Parole/Mandatory Supervised Release" letter, which appears to correspond to his 1992 conviction.[5] This letter expressly states: "While certain rights have been restored to you, others have not. Because you have been convicted of a felony, Illinois law prohibits you from possessing any firearm or firearm ammunition. And, pursuant to federal law, you are prohibited from shipping, transporting, possessing, or receiving any firearm or ammunition." (Dkt. No. 28, Ex. 2.)

Canty argues that under *Buchmeier*, these letters demonstrate that these offenses cannot be used under § 924(e). In *Buchmeier*, the Court of Appeals held that the defendant's offense did not qualify under § 924(e) because Illinois "neglected to inform him that, though the expiration of his sentence restored his rights to vote and hold 'constitutional' offices such as Governor, other rights, including entitlement to possess firearms, were not restored." *Buchmeier*, 581 F.3d at 567. By direct contrast, here,

---

[5] The PSR indicates that Canty's release date for the 1992 conviction was 5/2/96. The Discharge letter states Canty completed his term of mandatory supervised release on 5/2/96.

14

Minnesota and Illinois expressly informed Canty that he was not allowed to possess firearms.

In any event, as discussed above, Canty was sentenced under the Career Criminal provision. (3/25/09 Tr. at 33.) The definitions of "prior felony conviction" and "controlled substance offense" in § 4B1.2 do not carve out exceptions for convictions for which the defendant has had his civil rights restored. *Compare* 18 U.S.C. § 921(a)(20) *with* USSG § 4B1.2(b) (definition of "controlled substance offense"); 4B1.2, comment. n.1 (definition of "prior felony conviction"). Therefore, whether or not Canty qualifies as an Armed Career Criminal, Canty was properly sentenced given that he was sentenced pursuant to § 4B1.1(a).

*Other Grounds*

Canty additionally argues the following: there has been an *ex post facto* violation; the Court abused its discretion; and that he was actually and factually innocent. Canty did not raise any of these arguments in either his first or second appeal; therefore, the arguments are waived. Even if they were not, they fail.

First, *ex post facto* implications arise where a statute inflicts greater punishment upon a defendant than the punishment provided for when that defendant was originally convicted of the crime. Canty makes no such argument, nor is there such a law. Instead, Canty rehashes the arguments, discussed above, that have been dismissed. Therefore, Canty's "*ex post facto* violation" argument is rejected. Second, Canty argues that this Court abused its discretion by: (a) using "unqualified Convictions" in determining that defendant was an Armed Career Criminal; (b) not requiring the Government to prove that the firearms at issue traveled in interstate commerce and (c) not allowing the jury to

15

convict Canty of the lesser included offense of simple possession. The first two arguments were addressed and rejected above. As to Canty's third argument, at the jury instruction conference, the Court determined that Canty was not entitled to an instruction on the lesser included offense pursuant to *United States v. Hill*, 196 F.3d 806 (7th Cir. 1999), and such an instruction was not given. Canty has not shown that the Court's ruling pursuant to *Hill* was erroneous.

Last, Canty argues that he is actually and factually innocent of a violation of the federal firearms statute. This argument is contradicted by the overwhelming evidence in the record that indicates otherwise and the jury's conviction of Canty on firearm offenses. Furthermore, actual innocence is not a freestanding basis for receiving *habeas* relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

*Ineffective Assistance of Counsel*

Canty alleges ineffective assistance of both his trial and appellate counsel. To prevail under *Strickland v. Washington*, 466 U.S. 668, 690 (1984) (*Strickland*), a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) the deficient performance resulted in prejudice. To establish prejudice, the petitioner must prove that there is a reasonable probability that the proceeding would have had a different result but for the unprofessional errors. *Id.* at 694. When a court reviews a claim of ineffective assistance of counsel, the court's review is "highly deferential" to the attorney, "with the underlying assumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689)). "Defense counsel is strongly presumed to have rendered

adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quoting *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002)).

Canty argues that his counsel was unfamiliar with the federal firearms statute, 18 U.S.C. § 924, which resulted in his counsel's failure to challenge whether he possessed a "machine gun." As discussed above, the indictment did not charge Canty with possession of a machine gun – only handguns were at issue. Therefore, Canty's argument lacks merit. Failure to raise a meritless argument does not constitute ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Canty further argues that his counsel should have objected that the handguns at issue traveled in interstate commerce, which is an element of 18 U.S.C. § 1922(g), rather than stipulating to this fact. Canty only signed the Stipulation, he argues, based on the advice of his trial counsel. But the decision to stipulate to facts, including even an essential element of the crime, may be a valid trial strategy. *United States v. Hope*, 906 F.2d 254, 264 (7th Cir. 1990). Furthermore, as mentioned above, the *Strickland* test "is highly deferential to counsel, presuming reasonable judgment." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). Canty's counsel used his discretion in deciding to stipulate to this fact, and the Court "delicin[es] to second guess strategic choices." *Id.* At any rate, even if Canty could prove that his counsel's decision was not reasonable, he must also prove there is a reasonable probability that the proceeding would have had a different result but for his counsel's error. Canty cannot make this showing because, as discussed above, Canty was sentenced under the Criminal Career Offender provision, which does not include the possession of a firearm that traveled in interstate

17

commerce as an element. *See* § 4B1.1. Therefore, any alleged errors made by Canty's counsel regarding Canty's Armed Criminal Career status would not affect Canty's sentence.

*Crack Cocaine/Powder Cocaine Ratio*

Canty argues that the Court should have adjusted his offense level calculation to reflect the new 18:1 crack cocaine/powder cocaine ratio. (Mot. at 20.) However, as set forth above, Canty was sentenced pursuant to the Career Offender provision, which does not implicate the crack cocaine/powder cocaine ratio. In other words, adjusting the ratio will not affect Canty's sentence.

*Certificate of Appealability*

Rule 11 of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. "A certificate of appealability may issue under paragraph (1) only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). As discussed above, Canty has failed to make a substantial showing of the denial of a constitutional right in the instant Motion. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the reasons stated above, Anthony Canty's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [1] is denied. A certificate of appealability shall not issue.

Date: August 25, 2011

JOHN W. DARRAH
United States District Court Judge